(Supreme Court, Appellate Division, Second Department.   June 29, 1905.)

Appeal from Special Term.

In the matter of the application of the city of New York for a writ of certiorari to Elbert Sloat and others as assessors of the town of Carmel, county of Putnam, etc.   From an adverse judgment and order, the city appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

John J. Delany, Corp. Counsel, and I. J. Beaudrias, for appellant.
George E. Anderson and Clayton Ryder, for respondents.

PER CURIAM.   Order and judgment affirmed, with costs, on the opinion of Mr. Justice Keogh at Special Term.   See 94 N. Y. Supp. 1111.

---

## PEOPLE v. ANGLO-AMERICAN SAVINGS & LOAN ASS'N OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   July 27, 1905.)

1. CORPORATIONS—DISSOLUTION—RECEIVER—GRANT OF ALLOWANCE WITHOUT ACCOUNTING.

Laws 1902, p. 113, c. 60, relating to the dissolution of moneyed corporations, providing for the appointment of a receiver in a suit against a corporation for its dissolution, and stipulating for a settlement of the receiver's account, does not prohibit the court from granting fees to a receiver of a corporation in process of dissolution, except on an accounting.

2. SAME—OBJECTIONS TO ALLOWANCE.

Where the receiver of a corporation, appointed in a suit for its dissolution, applied for an allowance for commissions, showed that he was

only prevented from rendering a final account by the pendency of two actions against him, and the Attorney General made no request for an accounting before the payment of the allowance, and merely objected to an order making it, it was not error for the court to make an order allowing the receiver commissions on the money received and disbursed by him subject to inquiry on his next accounting.

Appeal from Special Term, Kings County.

Action by the people of the state of New York against the Anglo-American Savings & Loan Association of New York to dissolve the association. From an order allowing the receiver commissions, plaintiff appeals. Affirmed.

See 69 N. Y. Supp. 1054; 72 N. Y. Supp. 1021.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

James G. Graham, for the People.

Myer Nussbaum, for respondent.

MILLER, J. The Attorney General appeals from an order of the Special Term allowing the receiver of the defendant corporation commissions to the amount of $3,775.42, but providing that his right to said commissions is to be subject to inquiry upon his next accounting without prejudice. It appears by the affidavit of the receiver that he is only prevented from rendering a final account by the pendency of two actions to which he is a party defendant. It also appears that the receiver has received no fees on the moneys received and disbursed by him since May 1, 1903, and that since said time he has received and disbursed $147,800.25, entitling him to the amount of commissions allowed by the order appealed from. The learned Attorney General asks for a construction of chapter 60, p. 113, of the Laws of 1902, in respect to the power of the court to order the payment of such fees, and raises two questions: First, that the court has no such power except upon an accounting; and, second, that, assuming the power to exist, the exercise of it without requiring an accounting is an abuse of discretion. We find no prohibition in the act of 1902 upon the granting of fees to a receiver except upon an accounting, and the provisions of section 9 (page 116) relative to the settlement of the accounts of receivers cannot be construed as containing such a prohibition.

The argument in support of the second ground urged for a reversal is based upon the proposition that the Attorney General represents the stockholders and creditors, and that an order made upon notice to him cannot be inquired into on a final accounting, although it may be ascertained to have been improvidently made, and that, therefore, no order can be made allowing fees until it is clearly demonstrated upon an accounting that the receiver is entitled thereto. This argument would have weight, were it not for the fact that the order appealed from reserves all questions as to the right of the receiver to said commissions to be inquired into upon the next accounting, and for the further reason that no request for an accounting before the payment of fees appears to have been made by the Attorney General. All that appears is that the At-

torney General objected to the making of the order. Where there are obstacles in the way of a final accounting, it might be a great hardship to a receiver to postpone the payment of fees earned until such final accounting, and we do not think it can be said to be an abuse of discretion for the Special Term to grant such an order as the one under review, reserving all rights for inquiry upon a final accounting, without requiring an account preliminary to the granting of such order, where no such accounting is requested by the Attorney General.

The order should be affirmed, with $10 costs and disbursements. All concur.